CRAWLEY, Judge.
In May 1997, Collette Coates sued MS Dealer Service Corporation (“MS”), along with other defendants, alleging that MS had sold insurance contracts without the certificate of authority to sell insurance required by Ala.Code 1975, § 27-3-l(a). She requested that her action be certified as a class action; that the court enter a declaratory judgment, and an injunction; and that it award her damages. MS filed a motion for summary judgment, which the trial court granted. Coates appealed to the supreme court, which transferred the case to this court pursuant to Ala.Code 1975, § 12-2-7(6).
A motion for summary judgment is to be granted when no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala. R. Civ. P. See West v. Founders Life Assurance Co. of Florida, 547 So.2d 870 (Ala.1989), and Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794 (Ala.1989), for a discussion of the application of the substantial evidence rule in the summary-judgment context.
Coates purchased an automobile from Jim Burke Automotive, Inc., in Birmingham in 1994. She also purchased a service contract issued by MS, for $715. The contract provided that if the automobile experienced certain mechanical breakdowns or failures, then, subject to certain conditions, the applicable repair or replacement cost would be paid by the dealer. The contract provided procedures for filing a claim.
We conclude that the dispositive issue is whether the service contract is a contract for “insurance” as that word is defined in Ala.Code 1975, § 27-1-2(1), and used in Title 27 (“Insurance”). Coates argues that the trial court erred by entering the summary judgment for MS, because, she contends, she presented substantial evidence indicating that the service contract issued by MS is a contract for insurance and that MS’s failure to obtain a certificate of authority to sell insurance in Alabama (pursuant to § 27-3-1) voids the service contract. MS argues that, as a matter of law, the service contract is not an insurance contract and, therefore, that the trial court properly entered the summary judgment.
Coates primarily relies on Schoepflin v. Tender Loving Care Corp., 631 So.2d 909 (Ala.1993), a case somewhat similar to this one. In that case, the plaintiff Schoepflin purchased a service contract from Tender Loving Care (“TLC”) on his automobile; it covered certain repairs and parts replacements in the event of a mechanical breakdown. Schoepflin’s contract also provided procedures for filing a claim. Schoepflin filed a claim, which TLC denied. Schoepf-lin sued TLC, alleging a bad-faith denial of the claim. The trial court entered a summary judgment for TLC, holding that Schoepflin had no bad-faith cause of action because that cause of action was limited to the context of insurance contracts, and the TLC service contract was not an insurance contract. The supreme court reversed, stating:
“[W]e hold that the contract between [Schoepflin] and [TLC] in this case was an insurance contract within the meaning of our cases defining the tort of bad faith and, therefore, that [TLC] was not entitled to a summary judgment on the basis that it is not an insurer.”
631 So.2d at 912.
Coates argues that the holding in Schoepflin should be applied to her case, and that if a service contract is “insurance” for purposes of a tort claim, alleging bad faith, it is also insurance for state regulatory purposes, and that MS should be required, by § 27-3-1, to obtain a certificate of authority to sell insurance. MS argues that the Schoepflin case should be limited to its application in the context of the tort of bad faith, and not extended to the state *343 regulation of insurance. A judge of the Northern District of Alabama has concluded that the Schoepflin case “holds only that mechanical service contracts are insurance contracts for the purposes of supporting a [claim alleging the tort of bad faith,] not that they are insurance contracts subject to all of Alabama’s laws regulating insurance.” MS Life Ins. Co. v. Fluker, (No. 95-P-3184-S) (Mar. 12, 1997, N.D.Ala.) (unpublished). Like Coates, the plaintiffs in Fluker sought to have their automobile service contract voided on the grounds that MS failed to obtain a certificate of authority to sell insurance in Alabama.
We agree with the judge in the Fluker case that in Schoepflin the supreme court did not intend to extend its holding beyond the context of the tort of bad faith. The Schoepflin court specifically held only that the service contract was insurance “within the meaning of our cases defining the tort of bad faith.” 631 So.2d at 912. We find no reason to extend that holding as Coates asks us to. Also, the record contains evidence indicating that the Department of Insurance has never required sellers of service contracts, such as MS, to comply with § 27-3-1.
We conclude that the trial court properly entered the summary judgment for MS. That judgment is affirmed.
AFFIRMED.
ROBERTSON, P.J., and THOMPSON, J., concur.
YATES and MONROE, JJ., concur specially.